UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRIYA TAHILIANI AND KIM TSAI,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF EVERETT, MAYOR CARLO DEMARIA, CITY OF EVERETT SCHOOL COMMITTEE, WILLIAM HART, JEANNE CRISTIANO, AND MICHAEL MANGAN,<br><br>　　　　Defendants. | Dkt. No: 1:24-CV-10544-WGY |

## **DEFENDANTS', CITY OF EVERETT AND MAYOR CARLO DEMARIA'S, MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 26.1, Defendants, Mayor Carlo DeMaria ("Mayor DeMaria") and the City of Everett ("City"), hereinafter collectively referred to as the "defendants," respectfully move for the entry of a Protective Order requiring the plaintiffs to immediately return or destroy all discovery materials/documents subject to either attorney-client privilege or the work product doctrine.

Plaintiffs recently informed the defendants of the disclosure of privileged or otherwise protected materials, ***inadvertently*** disclosed by the defendants as part of their very large document production. The privileged materials were apparently a subset of tens of thousands of PST email communications which were produced in response to Plaintiffs' Requests for Production of Documents. Once they learned of this inadvertent disclosure, the defendants requested the immediate return or destruction of the protected communications pursuant to Fed. R. Civ. P. 26(b)(5)(B). However, plaintiffs refused to return and/or destroy said protected

materials, arguing instead that the defendants *waived* their attorney-client privilege. The defendants vehemently deny any waiver pursuant to Fed. R. Evid. 502(b) and seek this Honorable Court's assistance in ensuring the return and/or destruction of any inadvertently and unintentionally disclosed privileged communications or attorney work product. Any use by plaintiffs of these privileged communications would be highly prejudicial and punitive against the defendants.

Plaintiffs have agreed to refrain from analyzing the protected communications pending the filing of this motion for a protective order.

The City produced in excess of 56 gigabytes worth of electronically-stored communications after an exhaustive search and collection effort in what it believed to be a comprehensive response to the Plaintiffs' requests. In an effort to be economical and keep legal costs low for its clients, defendants' counsel relied upon its clients' internal legal department and Information Technology Department to appropriately cull privileged material from its production. Unfortunately, it appears that a number of privileged communications were mistakenly included within the production by defendants' clients. At the time of the defendants' production of these email communications, the defendants, considering the volume of the production, reserved all rights to "claw back" any inadvertently disclosed privileged material. This communication is attached hereto as <u>Exhibit A.</u> The defendants now seek this Honorable Court's protection in fulfilling said "claw back" provisions or otherwise ordering Plaintiffs' counsel to destroy any privileged communications within the defendants' email production.

In conjunction with above or otherwise in the alternative, the defendants seek the enforcement of Paragraph 11 of the Stipulated Protective Order and Confidentiality Agreement

2

this Court entered on February 18, 2025, as Document No. 51. Paragraph 11 is entitled <u>Non-Waiver by Inadvertent or Unintentional Disclosure</u>, and states as follows:

> "Inadvertent or unintentional production of documents containing information that should have been marked 'Confidential' shall not be deemed a waiver in whole or in part of the producing Party's claim of protection or confidentiality, so long as the producing Party, promptly after discovery of the inadvertent or unintentional production, notifies the other Party or Parties of the claim of protection or confidentiality . . . "

At no time did the defendants waive the attorney-client privilege, and at no time did the defendants indicate or imply that they would purposefully provide plaintiffs with privileged attorney-client communications. There is no basis whatsoever to plaintiffs' position that the defendants waived their privilege. The fact that defendants needed additional time to obtain and produce documents to plaintiffs, and that defendants were "late" in responding to plaintiffs' discovery requests does not mean that a waiver of privileges is implicitly included. This is an absolutely absurd position for any litigant to take. Plaintiffs' present attempt to review hundreds of privileged emails between the defendants and their attorneys is patently unreasonable and the Court should not facilitate such an effort. The release of privileged communications was clearly by accident, and the Court should Order plaintiffs to destroy same.

THEREFORE, for the reasons set forth above, the defendants move this Honorable Court to GRANT their Motion for Protective Order.

Respectfully Submitted,
The Defendants,
By their attorneys,

*/S/ Christopher D. Cridler*
Jay V. Lee, BBO #646095
JayL@gcattorneys.com
Christopher D. Cridler, BBO #698813
ChristopherC@gcattorneys.com
Gallagher & Cavanaugh, LLP
The Gaslight Building
22 Shattuck Street
Lowell, MA 01852
(978) 452-0522

Dated: May 12, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a true copy of the above document upon all attorneys of record via the Court's electronic filing system.

May 12, 2025                                                  */s/ Christopher Cridler*

                                                               Christopher Cridler

## CERTIFICATE OF COMPLIANCE

## WITH LOCAL RULE 7.1(a)(2)

I hereby certify that counsel for the Defendants, City of Everett and Mayor Carlo DeMaria, complied with Local Rule 7.1(a)(2) by means of email correspondence with Plaintiffs' counsel in lieu of a telephone conference on May 8, 2025, by agreement with Plaintiffs' counsel, in an effort to resolve and/or narrow the issues described herein.

May 12, 2025                                                  */s/ Christopher D. Cridler*

                                                               Christopher D. Cridler.