UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRIYA TAHILIANI and KIM TSAI<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EVERETT, MAYOR CARLO DEMARIA, CITY OF EVERETT SCHOOL COMMITTEE, WILLIAM HART, JEANNE CRISTIANO and MICHAEL MANGAN,<br><br>Defendants. | Civil Action No.: 1:24-CV-10544-WGY |

**AFFIDAVIT OF ANDREW N. BETTINELLI, ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CITY OF EVERETT AND MAYOR CARLO DEMARIA'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

I, Andrew N. Bettinelli, under oath, depose and state as follows:

1. I am an attorney in good standing admitted to practice in the United States District Court for the District of Massachusetts. Together with my colleagues Christopher L. Brown and Ivria Fried, I represent the Plaintiffs in the above-captioned matter and I have personal knowledge of the facts stated in this affidavit.

2. I served Requests for Production of Documents on the Defendant City of Everett ("City") on October 31, 2024. A true and accurate copy of the Requests for Production is attached to my affidavit as **Exhibit A**.

3. On December 11, 2024, the Defendants requested an extension of time to respond to January 10, 2025. A true and accurate copy of this request attached to my affidavit as **Exhibit B**.

1

4. On January 8, 2025, Counsel for the Defendants informed us they would be unable to comply with production by the extended agreed-upon date of January 10, 2025, and requested a two-week extension. A true and accurate copy of this request is attached to my affidavit as **Exhibit C**.

5. On January 26, 2025, the City emailed a link producing a dozen documents responsive to a few of the Plaintiffs' requests and stated that they would supplement the production. Defendant's counsel indicated that "[t]he search for emails has proven to be more time consuming than expected, and I'll produce those as soon as I can." A true and accurate copy of this correspondence is attached to my affidavit as **Exhibit D**.

6. Counsel for the City defendants participated in the video conference on January 30, 2025, in which we agreed to a further extension of time to March 31, 2025 for the Defendants to complete the production of documents, based in part on representations by counsel that tens of thousands of documents were forthcoming, and they needed time to review.

7. On March 24, 2025, the City's counsel indicated in an update on the status of their document production "[w]e are awaiting voluminous email production from the City's IT dept but that has taken longer than expected. 'Any day now' is the status of our second production." A true and accurate copy of this correspondence is attached to my affidavit as **Exhibit E**.

8. By March 31, 2025, the second extended deadline for compliance, the City provided nothing beyond its limited production in January.

9. The City's counsel indicated at an April 3rd video conference that they had yet to receive any further documents from the City, prompting the Plaintiffs to file a motion to compel on April 11th. *See* Docket Nos. 52 and 53.

10. The City provided a second batch of document production on April 14th. A true and accurate copy of this correspondence is attached to my affidavit as **Exhibit F**.

11. Upon receipt of the City's second document production, I observed that it consisted entirely of .PST and .ZIP formatted files, and asked our support staff to determine whether we would be able to view and process these files. Staff were able to upload at least one .PST file to Microsoft Outlook.

12. Our office forwarded an email thread containing a link to the City's production to our clients.

13. We engaged an e-discovery vendor May 2, 2025, to process the files to a different format to facilitate our review.

14. Following the first round of document processing, the vendor flagged for our office that the production contained potentially privileged materials.

15. My colleague Attorney Brown directed the vendor to segregate the potentially privileged materials and provide a summary of what was produced.

16. On May 8, 2025, Attorney Brown notified the City's counsel that the Defendants produced records that appear to be privileged, and that the Plaintiffs considered any privilege to have been waived. A true and accurate copy of this correspondence is attached to my affidavit as **Exhibit G**.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 21 DAY OF MAY, 2025.

                                                        Andrew N. Bettinelli, Esq., BBO# 703220

## Certificate of Service

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants.

Dated: May 22, 2025                                                             */s/ Andrew N. Bettinelli*
                                                                                    Andrew N. Bettinelli (BBO# 703220)
                                                                                   Harrington Heep LLP
                                                                                   40 Grove Street, Suite 190
                                                                                   Wellesley, MA 02482
                                                                                   (617) 489-1600
                                                                                   abettinelli@harringtonheep.com