UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRIYA TAHILIANI and KIM TSAI

         Plaintiffs,

v.

CITY OF EVERETT, MAYOR CARLO
DEMARIA, CITY OF EVERETT SCHOOL
COMMITTEE, WILLIAM HART, JEANNE
CRISTIANO and MICHAEL MANGAN,

         Defendants.

Civil Action No.: 1:24-CV-10544-WGY

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Fed. R. Civ. P. 37(a)(3), and L.R. 37.1, Plaintiffs Priya Tahiliani and Kim Tsai submit this memorandum of law in support of their motion to compel seeking that the Court order the Defendants to produce within 15 days the text messages, and all other documents responsive to the Plaintiffs' Requests for Production of Documents, as required by Fed. R. Civ. P. 34, as narrowed by the Plaintiffs' email proposals of May 2, 2025, and further narrowed to the date ranges agreed to by Plaintiffs' counsel on May 22, 2025, by email correspondence. A copy of the requests are attached hereto as **Exhibit 1.** The email proposals of May 2, 2025, and May 22, 2025, correspondence are attached hereto as **Exhibits 2, 3, and 10.**[1]

In support of this motion, Plaintiffs Priya Tahiliani and Kim Tsai state that the Requests for Production were served on October 31, 2024. The Plaintiffs have struggled to obtain the

---

[1] All exhibits referenced herein are attached to the Affidavit of Christopher L. Brown, Esq.

1

Defendants' document productions, with the productions not complete and missing substantial and likely relevant materials now over 6 months later.

As described in the supporting Affidavit of Christopher L. Brown, Esq., submitted herewith, on December 11, 2024, with the initial deadline for the Defendants to respond to the document requests passing, the parties agreed to an extension of time for to respond to January 10, 2025. On January 6, 2025, counsel for the School Committee indicated that while they were still reviewing documents, they were not able to produce them by the agreed upon date. On January 8, 2025, Plaintiffs agreed to a request by counsel for the City for a further two-week extension of time to produce documents to accommodate personal circumstances. On January 10, 2025, Plaintiffs' counsel had a discovery conference with the School Committee's counsel, wherein it was agreed that the School Committee Defendants would have additional time to respond to the Plaintiffs' document requests, and the School Committee's counsel agreed to produce of their documents on a rolling basis, with the first production starting on January 24, 2025.

However, no documents were provided by the School Committee on January 24th. On January 26th, the City produced a dozen documents responsive to a few of the requests (most of which were records that were either originally created by the Plaintiffs or that the Plaintiffs previously had obtained), and stated that they would supplement the production. Defendant's counsel indicated that "the search for emails has proven to be more time consuming than expected, and I'll produce those as soon as I can." The next day, January 27, 2025, counsel for the School Committee indicated that the first batch of documents for their document response would be provided by the end of the week.

2

On January 30, 2025, the parties met via video conference and the undersigned counsel agreed to a further extension of time to March 31, 2025 for the Defendants to complete the production of documents, based in part on representations by counsel that tens of thousands of documents were forthcoming, and they needed time to review. The School Committee produced some documents, primarily meeting minutes, meeting video recordings, emails and paper files, in three productions on February 6, 19 and 21, 2025, in all about 20,000 pages of material. On March 17th, counsel for the School Committee indicated they anticipated providing one more batch of documents by the week of March 31st. On March 24, the City's counsel indicated in an update on the status of their document production "[w]e are awaiting voluminous email production from the City's IT dept but that has taken longer than expected. 'Any day now' is the status of our second production." On March 26th, counsel for the School Committee provided a fourth batch of documents, but the agreed upon deadline of March 31, 2025, for document production to be complete came and went without any supplemental production from the City following the initial production of January 28th. None of the document productions provided to that point by either the City or the School Committee included any text messages, although these were within the scope of the Plaintiffs' requests.

Counsel conferred April 3, 2025 regarding the status of the Defendants' document production, including the lack of text messages in the School Committee's production and the lack of any appreciable document production from the City. The City's Counsel indicated that they had yet to receive any further documents from the City, prompting the Plaintiffs to file a motion to compel on April 11th. *See* Docket Nos. 52 and 53. The City finally provided a second document production on April 14th after the Plaintiffs filed the motion to compel, which Plaintiffs' counsel agreed to withdraw given the production. *See* Docket No. 54. On initial

inspection of the City's second document production, it consisted entirely of emails and attachments in PST file format, suggesting that the City did not a conduct a thorough search for any type of documents other than emails. Again, like with the School Committee's production to that point, there were no text messages produced.

The School Committee's counsel, after initially taking the position that they were not going to provide any text messages, agreed to try to work on proposed scope for production, emailing counsel on April 11th agreeing to seek text messages from specific current/former School Committee members named in the Plaintiffs' Complaint and that, depending on which members would agree to a search their text messages, would provide proposed search parameters at a later date. *See* **Exhibit 4**. On April 18th, School Committee's counsel provided further details of their proposal via email. *See* **Exhibit 5**. On April 22nd, the School Committee produced a fifth batch of documents, bringing their document production to a total of just over 20,000 pages of material.

Counsel met and conferred via Zoom on April 25, 2025 regarding the status of the Defendants' production of text messages. To narrow the issues and streamline the completion of the Defendants' document production, the Plaintiffs agreed to provide a list of custodians and recipients and search terms for the City and the School Committee to gather text messages that were likely to be responsive to the Plaintiffs' document requests. The Plaintiffs' lists were provided on May 2nd, and the Defendants were requested to respond whether they would agree to the proposal and produce the records promptly so that deposition discovery could move forward. *See* Exhs. 2 and 3. Plaintiffs' counsel followed up again by email on May 8th following the Court's order on the parties' joint motion to extend the case management order deadlines. *See* **Exhibit 6**. Due to an email spam filtering issue, which resulted in the Defendants' responses to

Plaintiffs' counsel's emails being blocked, the Plaintiffs filed the Motion to Compel without having received the Defendants' counsel's responses to the May 2nd proposals. See Docket No. 59. Plaintiffs' counsel only received the responses from the Defendants after filing the Motion to Compel on May 20, 2025. *See* **Exhibit 7.** Nevertheless, after exchanging several emails, the parties have been unable to reach final agreement regarding the scope of text message production.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party files a motion to compel production, then "the party seeking [the] order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." *Torres v. Johnson & Johnson*, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). Then, "[o]nce a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." *Id*.

The School Committee and the Plaintiffs have come to agreement regarding the specifics of much of the outstanding text message production. However, the School Committee refuses to have the responding custodians search for text messages with former Superintendent Frederick F. Forestiere as a recipient, or to agree for his name or "FFF" to be used as a search term, claiming it will "only serve to elicit communications that are irrelevant to your clients' claims and this litigation." *See* **Exhibit 11.** Plaintiffs' dispute the assertion that discovery regarding Mr. Forestiere is irrelevant. The essence of any discrimination claim is that the complainant was treated differently than others due to their protected class status. Here, the two individuals for whom this comparison is most relevant for Dr. Tahiliani are her White male predecessor and

5

successor: Frederick F. Foresteire and William Hart. Correspondence with or concerning Mr. Foresteire will yield considerable insight into the treatment of Dr. Tahiliani relative to her immediate predecessor, and is clearly relevant to the Plaintiffs' claims of disparate treatment.

Counsel for the City and Mayor DeMaria joins the School Committee's objections regarding the designation of Mr. Foresteire as a recipient or the inclusion of his name or "FFF" as search terms. *See* **Exhibit 9.** The relevance of text messages to and concerning Mr. Foresteire for the City and Mayor is the same as it is for the School Committee: many of the Plaintiffs' claims relate to the disparate treatment by the City and School Committee of School Leadership, therefore messages which describe or show disparate treatment are relevant.

Perhaps most puzzling of all the document production issues that remain in dispute is the City's insistence that they "object to the number of search terms for the custodian personal cell phones because of the time that the search will take and the technological sophistication of those identified custodians." *See* **Exhibit 9.** Counsel for the City and Mayor did not endeavor to counter-propose a narrowed list of search terms. The use of custodians, recipients and search terms for a specific date range was the methodology suggested by the City and Mayor's co-defendants. This methodology has not proven to be too cumbersome for the Plaintiffs and counsel for the School Committee to agree upon. If the City and Mayor prefer a simpler means for producing text messages, then the Plaintiffs' suggest the City and Mayor produce all non-privileged text messages between the designated custodians and recipients for the agreed upon time frame, which in the case of the City, the Plaintiffs have agreed to limit to "the period(s) when they were City employees and/or when they were elected officials." *See* **Exhibit 10.** Otherwise, the City and Mayor should be expected to produce the messages using the same agreed upon search terms as its co-defendants.

Given the Court's order maintaining that this case be ready for trial in September, the Defendants' continuing delays are prejudicing the Plaintiffs' efforts to complete discovery and must be curbed by the Court. The Plaintiffs need the complete document productions from the Defendants to move forward with depositions, to fairly defend any forthcoming motions for summary judgment, and to prepare for trial.

Accordingly, the Plaintiffs respectfully request that the Court order the Defendants to produce within 15 days the text messages, and other documents responsive to the Plaintiffs' Requests for Production of Documents as required by Fed. R. Civ. P. 34, as narrowed by the Plaintiffs' May 2nd proposals in Exhibits 2 and 3, and further narrowed to the date ranges agreed to by Plaintiffs' counsel on May 22nd in Exhibit 10, and order the Defendants to pay the Plaintiffs' reasonable expenses incurred in making this motion, including attorneys' fees, and order that further delay will be a basis for the Plaintiffs to apply to the Court to impose sanctions on the Defendants.

                         Respectfully submitted,
                         The Plaintiffs,
                         Priya Tahiliani and Kim Tsai,
                         By their counsel,

                         */s/ Christopher L. Brown*

                         _____
                         Christopher L. Brown (BBO# 663176)
                         Ivria Glass Fried (BBO# 688177)
                         Andrew N. Bettinelli (BBO# 703220)
                         Harrington Heep LLP
                         40 Grove Street, Suite 190
                         Wellesley, MA 02482
                         (617) 489-1600
                         cbrown@harringtonheep.com
                         ifried@harringtonheep.com
                         abettinelli@harringtonheep.com

Dated: May 30, 2025

**<u>Certificate of Service</u>**

  I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants.

Dated: May 30, 2025            <u>*/s/ Andrew N. Bettinelli*</u>
                     Andrew N. Bettinelli (BBO# 703220)
                     Harrington Heep LLP
                     40 Grove Street, Suite 190
                     Wellesley, MA 02482
                     (617) 489-1600
                     abettinelli@harringtonheep.com