UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRIYA TAHILIANI AND KIM TSAI,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF EVERETT, MAYOR CARLO DEMARIA AND CITY OF EVERETT SCHOOL COMMITTEE, WILLIAM HART, JEANNE CRISTIANO, AND MICHAEL MANGAN,<br><br>    Defendants. | Dkt. No: 1:24-CV-10544-WGY |

**DEFENDANTS CITY OF EVERETT SCHOOL COMMITTEE, WILLIAM HART, JEANNE CRISTIANO AND MICHAEL MANGAN'S OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND THINGS**

Defendants the City of Everett School Committee, Jeanne Cristiano ("Ms. Cristiano"), Michael Mangan ("Mr. Mangan") (collectively, the "School Committee") and William Hart ("Mr. Hart") hereby Oppose Plaintiffs Priya Tahiliani ("Ms. Tahiliani") and Kim Tsai's ("Ms. Tsai") (collectively, "Plaintiffs") Amended Motion to Compel Production of Documents and Things.

Counsel for the School Committee have worked with Plaintiffs' counsel, *for months*, to agree upon search parameters for the search of text messages on the personal cell phones of current and former School Committee members relevant to this matter. Counsel previously agreed that the School Committee will produce text messages responsive to Plaintiffs' document requests, and within agreed upon search parameters, on or before June 16, 2025. The School Committee and Plaintiffs have agreed to the following search parameters: the period the search will span, the eight (8) custodians whose phones will be searched, the thirty-two (32) recipients of texts with these custodians to be searched, and seventy-five (75) search terms. The *singular issue* in dispute

1

between the Plaintiffs and the School Committee relevant to Plaintiffs' Motion to Compel is whether the former Superintendent of Everett Public Schools ("EPS"), Fred Forestiere ("Mr. Forestiere"), is an appropriate recipient and whether "FFF" is an appropriate search term. As set forth herein, given the parameters for the period of the search previously agreed upon, any text messages with or about Mr. Forestiere produced would be irrelevant to this lawsuit given that the texts would have been exchanged one (1) year or more after Mr. Forestiere resigned his employment with EPS. As such, Plaintiffs' Amended Motion to Compel should be denied.

## INTRODUCTION[1]

On April 8, 2025, in an effort to conduct a reasonable search for text messages relevant to this litigation, counsel for the School Committee met with Plaintiffs' counsel and informed Plaintiffs' counsel that the School Committee would agree to conduct a search of the personal phones of select School Committee members within search parameters to be agreed upon by counsel. See **Exhibit 1**, Affidavit of Alexandra F. Held, at ¶ 3. On April 11, 2025, counsel for the School Committee emailed Plaintiffs' Counsel and proposed that the search of select School Committee member phones be limited to seven (7) individuals—the current and former members of the School Committee that were identified by name in the Plaintiffs' Second Amended Complaint and Plaintiffs' Answers to Interrogatories. See Exhibit 4 to Pltfs' Memo of Law ISO Amended Motion to Compel. Counsel for the School Committee told Plaintiffs' counsel that they

---

[1] Plaintiffs' Motion to Compel and accompanying affidavit dedicate a total of ten pages to Plaintiffs' counsel's recount of communications between counsel of record concerning discovery in this matter. The Motion and affidavit appear to be an effort to convince this Court that Defendants have unreasonably delayed discovery in this case. As to the School Committee, this is simply untrue. Counsel have regularly conferred via email and video conference, have discussed discovery efforts and expected production timelines, and have set deadlines amongst counsel for producing discovery—the most recent of which being June 16, 2025 as the deadline to provide text messages responsive to Plaintiffs' document requests within agreed upon search parameters. The School Committee will not inundate this Court with an account of discussions with counsel that have no relevance to Plaintiffs' Motion to Compel, as Plaintiff have done, and will simply inform the Court of the history of communications concerning text message discovery as it is the singular discovery issue between Plaintiffs and the School Committee at this juncture.

would notify counsel by April 18, 2025 as to whether the seven individuals were amendable to a search of their personal phones and would propose search parameters at that time. See id.

On April 18, 2025, counsel for the School Committee emailed Plaintiffs' counsel and notified them of the current and former members that had agreed to the search. See Exhibit 5 to Pltfs' Memo of Law ISO Amended Motion to Compel. Counsel for the School Committee also proposed search parameters for the text message search, including date ranges for the search, conversations to be included in the search, and thirty-seven (37) search terms. See id.

On April 25, 2025, counsel of record conferred concerning the Defendants' document productions, text message search parameters, and a plan to request to extend case management order deadlines. See Held Affidavit at ¶ 6. During this conference, counsel agreed that document productions would be completed by June 16, 2025. See id. The following week, the parties filed a Joint Motion to Extend Case Management Order Deadlines, noting their intent to complete document productions by June 16, 2025. See Dkt. No. 55.

On May 2, 2025, Plaintiffs' counsel responded to the proposed search parameters set forth in counsel for the School Committee's April 18, 2025 email. See Exhibit 3 to Pltfs' Memo of Law ISO Amended Motion to Compel. Plaintiffs' proposal made the following changes to the School Committee's search parameter proposal: extended the period for which texts would be searched, added two additional custodians, added twenty-two (22) additional recipients, and added approximately forty-two (42) additional search terms. See id. Plaintiffs' counsel requested that counsel for the School Committee provide feedback on the proposal by the end of the next week, May 9, 2025. See id.

On May 8, 2025, Counsel for the School Committee emailed Plaintiffs' counsel and noted the School Committee was "mostly in agreement" with the search parameters as proposed by

3

Plaintiffs' counsel. See id. In fact, of the twenty-two (22) additional recipients and fifty-five (55) additional search terms proposed by the Plaintiffs, the School Committee agreed to all but two (2) items: including former Superintendent Fred Forestiere as a text recipient, and including the search term "FFF" (Mr. Forestiere's initials). To date, these two (2) items are the only items at issue between the Plaintiffs and School Committee related to the text message search.

## ARGUMENT

### I. Text Messages with or about Fred Forestiere are Irrelevant to this Matter.

As the party seeking an order compelling the School Committee to include Mr. Forestiere as a recipient and "FFF" as a search term in the agreed upon text message search, Plaintiffs have the burden of showing the relevance of the School Committee members' texts with or about Mr. Forestiere. See Roy v. FedEx Ground Package Sys., Inc., 675 F. Supp. 3d 140, 144 (D. Mass. 2023). Here, Plaintiffs have not demonstrated that the disputed text messages are relevant to their claims.

Counsel for Plaintiffs and the School Committee have agreed to a search period of the School Committee members' texts that begins on December 19, 2019 and extends through October 25, 2024. Mr. Forestiere is the former Superintendent of Everett Public Schools ("EPS"). Notably, Mr. Forestiere resigned from his employment from EPS on or about December 20, 2018, one (1) year before the agreed upon search period begins. Plaintiff argues that text messages with or about Mr. Forestiere are relevant to Ms. Tahiliani's claims because they will "yield considerable insight into the treatment of Dr. Tahiliani relative to her immediate predecessor, and is clearly relevant to the Plaintiffs' claims of disparate treatment." See Pltfs' Amended Motion to Compel, p. 6. This argument fails because any texts produced within the agreed upon search parameters will have been exchanged, at the earliest, one year after Mr. Forestiere resigned. Such texts would be

4

incompetent to demonstrate to how the School Committee treated Mr. Forestiere, in his capacity as Superintendent, as compared to how the School Committee treated Ms. Tahiliani during her tenure as Superintendent. School Committee members are elected, and their terms are each for two years. As such, there is constant change among the School Committee as to its members. In fact, only two (2) of the eight (8) agreed upon custodians of text messages even served as members of the School Committee during Mr. Forestiere's tenure as Superintendent. Accordingly, including Mr. Forestiere as a recipient of texts and/or "FFF" as a search term as proposed by Plaintiffs will only serve to elicit communications that are irrelevant to Plaintiffs' claims and this litigation.

Additionally, none of the Plaintiffs' document requests directed to the School Committee request communications with or about Mr. Forestiere. The only document request directed to the School Committee that even mentions Mr. Forestiere's name is the request for Mr. Forestiere's personnel file (Plaintiffs' Document Req. No. 14), which was produced to Plaintiffs on February 21, 2025. Thus, any communications with or about Mr. Forestiere would not be responsive to Plaintiffs' document requests.

## II.     Plaintiffs' Request for Attorney's Fees and Sanctions Should be Denied.

An order to pay Plaintiffs' attorney's fees and the imposition of sanctions against the School Committee is not warranted in these circumstances. The School Committee has consistently communicated with Plaintiffs concerning the scope of the search for text messages. See Exhibits 4, 5, 8, 11, and 12 to Pltfs' Amended Motion to Compel. The School Committee proposed the scope of the search and then promptly responded to Plaintiff's counter proposal within the period requested by Plaintiffs' counsel. See Exhibits 5 and 8 to Pltfs' Amended Motion to Compel. Moreover, of the twenty-two (22) additional recipients and forty-two (42) additional search terms proposed by the Plaintiffs in their counter proposal, the School Committee agreed to

all but two (2) items. Counsel for the School Committee explained why it would not agree to these two (2) items, the reasoning for which is grounded in fact and logic. See Exhibit 11 to Pltfs' Amended Motion to Compel. Further, counsel for the School Committee agreed to produce responsive texts on or before June 16, 2025 during a conference with counsel of record on April 25, 2025. See Held Affidavit, at ¶ 6. The June 16, 2025 deadline was included in the parties in their Joint Motion to Extend Case Management Order Deadlines. See Dkt. No. 55. The School Committee's intent to produce texts by the agreed upon date has been reiterated to Plaintiffs' counsel several times. See Held Affidavit, at ¶ 10; Exhibit 7 to Pltfs' Amended Motion to Compel. Awarding Plaintiffs' counsel attorney's fees is not appropriate, and sanctions are completely unwarranted given that the School Committee has actively worked with Plaintiffs' counsel to conduct a reasonable search for text messages that it has every intention of producing on or before June 16, 2025.

## **CONCLUSION**

For the reasons set forth herein, the Plaintiffs' Amended Motion to Compel the Production of Documents and Things should be denied. The School Committee has previously agreed to produce text messages responsive to Plaintiffs' document requests and within broad search parameters on or before June 16, 2025. There was no need to Plaintiffs to seek judicial intervention as to the School Committee on this issue, and their requests for attorney's fees and sanctions should be denied.

Respectfully submitted,

CITY OF EVERETT SCHOOL COMMITTEE, WILLIAM HART, JEANNE CRISTIANO AND MICHAEL MANGAN,

By their attorneys,

*Janet R. Barringer*
_____
Janet R. Barringer, BBO # 642442
jbarringer@fmglaw.com

*Alexandra Held*
_____
Alexandra F. Held, BBO # 711052
Alexandra.held@fmglaw.com
Freeman, Mathis & Gary LLP
60 State, Sixth Floor
Boston, Massachusetts 02109
(617) 963-5975

Dated: June 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon non-registered participants.

*Alexandra Held*
_____
Alexandra Held