EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PRIYA TAHILIANI AND KIM TSAI,

        Plaintiffs,

v.

CITY OF EVERETT, MAYOR CARLO
DEMARIA, CITY OF EVERETT SCHOOL
COMMITTEE, WILLIAM HART, JEANNE
CRISTIANO AND MICHAEL MANGAN

        Defendants.

Dkt. No: 1:24-CV-10544-WGY

## DEFENDANT MICHAEL MANGAN'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Michael Mangan ("Defendant" or "Mr. Mangan") hereby answers Plaintiffs Priya Tahiliani ("Ms. Tahiliani") and Kim Tsai ("Ms. Tsai") first set of interrogatories.

**Interrogatory No. 1:**

Please identify yourself, setting forth your full name, date of birth, home address, work history and educational background.

**Answer No. 1:**

Name: Michael John Mangan

DOB: [redacted]

Address: [redacted]

Work History:

1986 – 1987 – True Colors, Somerville, MA

1987 – 1991 - West Coast Video, Somerville MA

1991 – 2016 – Train Operator, Massachusetts Bay Transportation Authority

1

2006 – 2007 – Common Counselor, City of Everett (elected position)

2010 – 2013 – Alderman, City of Evertt (elected position)

2015 – 2017 – Everett City Council (elected position)

2018 – Present – Legislative Aid, Everett City Council

2022 – 2023 – Everett School Committee Ward 4 Representative (elected position)

Education:

Somerville High School, Class of 1987

Bunker Bill Community College, attended from 1987 – 1989

**Interrogatory No. 2:**

Please identify each person who assisted in preparing the answers to these interrogatories, exclusive of legal counsel, and identify which interrogatory and what information was provided by that person.

**Answer No. 2:**

Defendant objects to Interrogatory No. 2 on the grounds that it calls for information protected from disclosure by the attorney-client privilege. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

I did not seek assistance from other individuals outside legal counsel to answer these interrogatories.

**Interrogatory No. 3:**

Please describe all communications between you, the School Committee, or any of its members, and any other persons or entities with or concerning William Hart, prior to October 30, 2023.

**Answer No. 3:**

Defendant objects to Interrogatory No. 3 on the grounds that it is vague, overbroad and not likely to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 3 to the extent that it asks him to describe conversations that he was not a part of. Notwithstanding and without waiving the foregoing objections, the Defendant answers as follows:

To the best of my recollection, towards the end of the summer of 2023, I was contacted by Jeanne Cristiano. Ms. Cristiano asked me to speak to Bill Hart because she thought he would be a good Interim Superintendent in the event that Ms. Tahiliani left the district before her contract expired in February 2024. In the back of my mind, I knew Ms. Cristiano and Ms. Tahiliani were close, and figured Ms. Cristiano knew Ms. Tahiliani was looking for work outside of Everett since her

contract was not renewed earlier in 2023. In late August or early September, Mr. Hart reached out to me. Shortly thereafter, I met with Mr. Hart. He told me more about his work background in education. I told him that Ms. Cristiano had given me his name and I asked him if he would be interested in being Interim Superintendent. Mr. Hart said he was willing to be Interim Superintendent. We left the meeting with no plans or commitments made.

In or around mid-October, I reached out to Mr. Hart. I told him that there was a chance in the near future that the School Committee may be looking for an Interim Superintendent. Mr. Hart told me that he was willing to be the Interim Superintendent, but that he would like to know for sure if this would occur because he had plans to go to Florida for the winter later that month.

I cannot recall my conversations with other members of the School Committee about Mr. Hart before October 30, 2023.

**Interrogatory No. 4:**

Please describe all criteria used by the School Committee to select William Hart to be Interim Superintendent and Superintendent of Everett Public Schools.

**Answer No. 4:**

Defendant objects to Interrogatory No. 4 on the grounds that the term "criteria" as used is vague and calls for speculation as to meaning. Defendant also objects to the Interrogatory to the extent that it asks him to speak to the personal decisions of other members of the Everett School Committee, which he is unable to do. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

I do not know what the term "criteria" as used means. I can only speak to my personal decision to vote "yes" to appoint Mr. Hart to the positions of Interim Superintendent and Superintendent of Everett Public Schools. I cannot speak for other members of the School Committee, whose individual reasons for their votes are unknown to me.

On November 2, 2023, the School Committee voted 8-1 to appoint Mr. Hart to the position of Interim Superintendent. I personally voted for his appointment because I liked that he was independent of Everett Public Schools but that he was also familiar with Everett. I felt it would be good to appoint someone who could look at the problems of Everett Public Schools with fresh eyes.

In regard to Mr. Hart's appointment to the position of Superintendent, the School Committee engaged the services of Alma Advisory Group in the candidate search and application process. I voted for Mr. Hart because I felt he was the most qualified candidate for the position.

**Interrogatory No. 5:**

If you contend that there were legitimate, nondiscriminatory reasons not to renew Dr. Tahiliani's employment contract, please state the basis for that contention.

**Answer No. 5:**

Defendant objects to Interrogatory No. 5 on the grounds that it calls for a legal conclusion. Defendant also objects to the Interrogatory to the extent that it asks him to speak to the personal decisions of other members of the Everett School Committee, which he is unable to do. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

On March 6, 2023, the Everett School Committee voted 6-4 not to renew Ms. Tahiliani's contract. I voted in favor of renewing Ms. Tahiliani's contract. I cannot speak for the other members of the Everett School Committee who did not provide their individual reasons for their respective votes during the March 6, 2023 meeting.

**Interrogatory No. 6:**

Please describe every instance in which you were informed or became aware that either of the Plaintiffs had filed or participated in an employment discrimination charge, complaint, investigation, or lawsuit.

**Answer No. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that the phrases "informed or became aware" and "participated in" as used are vague and call for speculation as to meaning. Defendant further objects to Interrogatory No. 6 on the grounds that it calls for information protected by the attorney-client privilege. Defendant also objects to Interrogatory No. 6 to the extent that it asks for information that is impossible to recall due to the limits of human memory. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I cannot recall each and every instance that I was informed either Plaintiff filed or participated in an employment discrimination charge, investigation or lawsuit.

**Interrogatory No. 7:**

Please describe every instance in which the School Committee was informed or became aware that either of the Plaintiffs complained of or were subject to offensive conduct by any current or former employees, agents or representatives of the City or Everett Public Schools.

**Answer No. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that the phrase "informed or became aware" and term "subject to offensive conduct" as used are vague and call for speculation as to meaning. Defendant further objects to Interrogatory No. 7 because it is vague and overbroad. Defendant also objects to Interrogatory No. 7 to the extent that it asks for information that is impossible to recall due to the limits of human memory and information that is protected from disclosure by the attorney-client privilege. Defendant also contests that either plaintiff was subject to offensive conduct as Plaintiffs contend in Interrogatory No. 7. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not believe that either Plaintiff was subjected to 'offensive conduct by any current or former employee, agents or representative of the City or Everett Public Schools.' I cannot recall each and every instance that I was informed either Plaintiff complained of offensive conduct.

**Interrogatory No. 8:**

If you contend that there were legitimate, nondiscriminatory reasons either of the Plaintiffs were subject to disparate treatment relative to white and male peers, please state the basis for that contention.

**Answer No. 8:**

Defendant objects to Interrogatory No. 8 on the grounds that the interrogatory in its entirety is vague and calls for speculation as to meaning. Namely the phrase, "disparate treatment relative to white and male peers" is vague, confusing, nonspecific and calls for speculation as to meaning that no response is warranted. Defendant also contests that either plaintiff was subject to "disparate treatment relative to white and male peers" as plaintiffs contend in Interrogatory No. 8. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not believe that either Plaintiff was subjected 'to disparate treatment relative to white and male peers.'

**Interrogatory No. 9:**

If you contend that Dr. Tahiliani was not under contract to be Superintendent at the same time as Mr. Hart at a lower rate and on less favorable terms than Mr. Hart, or that there was a permissible reason for such variation, please state the basis for that contention.

**Answer No. 9:**

Defendant objects to Interrogatory No. 9 on the grounds that the term "less favorable terms" is subjective, vague and calls for speculation as to meaning. Defendant further objects to Interrogatory No. 9 on the grounds that it calls for a legal conclusion. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

My understanding is that Mr. Hart, through counsel, negotiated the terms of his interim and permanent contracts, and that the School Committee approved the contracts.

**Interrogatory No. 10:**

If you contend that Dr. Tahiliani received constitutionally adequate due process protections, concerning the public announcement of several workplace accusations against her at the October 30, 2023, School Committee meeting, please state the basis for that contention.

5

**Answer No. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that the term "constitutionally adequate" is vague and calls for speculation as to meaning. Defendant further objects to Interrogatory No. 10 on the grounds that it calls for a legal conclusion. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not know the meaning of "constitutionally adequate due process" as stated in Interrogatory No. 10.

In or around October 19, 2023, counsel for the School Committee informed Ms. Tahiliani's counsel that the School Committee had received a number of workplace complaints which needed to be investigated, and would be the subject of the School Committee's discussion and vote. Ms. Tahiliani's counsel did not respond to counsel for the School Committee.

On October 26, 2023, I emailed Ms. Tahiliani and Ms. Tsai to inform them that a special meeting of the School Committee was to take place on October 30, at 6:30 pm at the Everett High School library. I told them that the meeting concerned a report of ten complaints against the school department by school employees and that the report had been given to me by the human resources director for the City of Everett.

**Interrogatory No. 11:**

If you contend that Dr. Tahiliani has received a name clearing opportunity, concerning the public announcement of several workplace accusations against her at the October 30, 2023, School Committee meeting, please state the basis for that contention.

**Answer No. 11:**

Defendant objects to Interrogatory No. 11 on the grounds that the term "name clearing opportunity" is vague and calls for speculation as to meaning. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not know the meaning of "name clearing opportunity" as stated in Interrogatory No. 11. I am no longer a member of the School Committee and have not been on the School Committee since early January 2024. I am not privy to the happenings of the School Committee since early January 2024.

**Interrogatory No. 12:**

Please describe all changes to Ms. Tsai's employment conditions implemented at any time after Mr. Hart was appointed Interim Superintendent.

**Answer No. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that the term "employment conditions" is vague and calls for speculation as to meaning. Notwithstanding and without waiving the foregoing objection, Everett School Committee answers as follows:

I am not aware of any changes to Ms. Tsai's employment conditions.

**Interrogatory No. 13:**

Please identify every professional, personal, or other phone number, email address, and social media account username/profile that you have used at any time from December 1, 2019 to and including the date on which you were served with the complaint in this litigation.

**Answer No. 13:**

Defendant objects to Interrogatory No. 13 on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Facebook – Michael Mangan

School email – mmangan@everett.k12.ma.us

City email – michael.mangan@ci.everett.ma.us

Home email – ███████████

Cell phone number – ███████████

**Interrogatory No. 14:**

Please identify each and every person with whom you spoke about either Priya Tahiliani or Kim Tsai from December 1, 2019 to and including the date on which you were served with the complaint in this litigation.

**Answer No. 14:**

Defendant objects to Interrogatory No. 14 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to Interrogatory No. 14 to the extent that it asks for information that is impossible to recall due to the limits of human memory. Defendant further objects to the Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege.

**Interrogatory No. 15:**

Please describe each and every action you took, person with whom you spoke, and location (whether electronic or physical) that you searched, to respond to or assist in any response to any request for production of documents in this litigation.

**Answer No. 15:**

Defendant objects to Interrogatory No. 15 on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

My everettk12.ma.us email was searched by counsel for documents responsive to Plaintiffs' requests for the production of documents directed to the Everett School Committee. I also searched

my personal texts and email address for documents responsive to Plaintiffs' requests for the production of documents directed to the Everett School Committee.

**Interrogatory No. 16:**

Please describe every conversation you had with Priya Tahiliani including identifying all those present or speaking during the conversation, the date of the conversation, the location of the conversation, and a description of the content of the conversation.

**Answer No. 16:**

Defendant objects to Interrogatory No. 16 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to Interrogatory No. 16 to the extent that it asks for information that is impossible to recall due to the limits of human memory. Defendant further objects to the Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege.

SIGNED UNDER THE PENALTIES OF PERJURY THIS __10th__ DAY OF __January__, 2025

_____
Michael Mangan

AS TO ALL OBJECTIONS,

_____
Janet R. Barringer, BBO # 642442
jbarringer@fmglaw.com
Alexandra F. Held, BBO # 711052
Alexandra.held@fmglaw.com
Freeman, Mathis & Gary LLP
60 State, Sixth Floor
Boston, Massachusetts 02109
(617) 963-5975

Dated: January 10, 2025

## CERTIFICATE OF SERVICE

I, Janet R. Barringer, hereby certify that I have, on this 10th day of January 2025 served a copy of the foregoing document, by causing a copy to be sent by electronic mail to:

**Counsel for Plaintiffs**
Christopher Brown, Esq.
cbrown@harringtonheep.com
Ivria Fried, Esq.
ifried@harringtonheep.com
Andrew Bettinelli, Esq.
abettinelli@harringtonheep.com
Harrington Heep, LLP
40 Grove Street, Suite 190
Wellesley, MA 02481
(617) 489-1600

**Counsel for City of Everett, Carlo Demaria**
Christopher Cridler, Esq.
christopherc@gcattorneys.com
Jay Lee, Esq.
jayl@gcattorneys.com
Gallagher & Cavanaugh, LLP
The Gaslight Building
22 Shattuck Street
Lowell, MA 01852
(978) 452-0522

*Janet R. Barringer*