EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRIYA TAHILIANI AND KIM TSAI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EVERETT, MAYOR CARLO DEMARIA, CITY OF EVERETT SCHOOL COMMITTEE, WILLIAM HART, JEANNE CRISTIANO AND MICHAEL MANGAN<br><br>Defendants. | Dkt. No: 1:24-CV-10544-WGY |

**DEFENDANT JEANNE CRISTIANO'S ANSWERS TO PLAINTIFFS' FIRST SET OF <u>INTERROGATORIES</u>**

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Jeanne Cristiano hereby answers Plaintiffs Priya Tahiliani ("Ms. Tahiliani") and Kim Tsai ("Ms. Tsai") first set of interrogatories.

**Interrogatory No. 1:**

Please identify yourself, setting forth your full name, date of birth, home address, work history and educational background.

**Answer No. 1:**

<u>Name</u>: Jeanne M. Cristiano

<u>DOB</u>: ▬▬▬

<u>Address</u>: ▬▬▬▬▬▬▬▬▬▬▬▬

<u>Work History</u>:

2022 – present: Everett School Committee

2016 – 2022: Director of Veteran Services for the City of Everett

2011 – 2016: Executive Office Manager, Red Cross of Massachusetts

2009 – 2011: Gay and Lesbian Alliance Against Defamation, Special Assistant to the President

1

2007 – 2009: Blue Cross Blue Sheild of MA Foundation, Special Assistant to the President

2005 – 2007: Director of Budget and District Relations for State Senator Jared Barrios

1997 – 2005: Field Auditor, Office of State Auditor

1994 – 2002: City of Everett Alderman

1992 – 1994: Everett Common Council

1981 – 1988: MassPort

1977 – 1980: United States Army

Educational Background:

Pope John XXIII High School

**Interrogatory No. 2:**

Please identify each person who assisted in preparing the answers to these interrogatories, exclusive of legal counsel, and identify which interrogatory and what information was provided by that person.

**Answer No. 2:**

Defendant objects to Interrogatory No. 2 on the grounds that it calls for information protected from disclosure by the attorney-client privilege. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

I did not seek assistance from other individuals outside legal counsel to answer these interrogatories.

**Interrogatory No. 3:**

Please describe all communications between you, the School Committee, or any of its members, and any other persons or entities with or concerning William Hart, prior to October 30, 2023.

**Answer No. 3:**

Defendant objects to Interrogatory No. 3 on the grounds that it is vague, overbroad and not likely to lead to the discovery of admissible evidence. Defendant also objects to Interrogatory No. 3 on the grounds that asks for information that defies the limits of human memory. Notwithstanding and without waiving the foregoing objections, the Defendant answers as follows:

In August of 2023, I reached out to Bill Hart and asked him if he would be interested in being the Superintendent of EPS. Mr. Hart and I are distant relatives; I cannot recall the last time I spoke to him prior to the summer of 2023. Mr. Hart said that he was interested in the short term as he had

2

retired from full time work a few years prior. I then contacted Mike Mangan, who was Chairperson of the School Committee at the time, and suggested he reach out to Bill Hart. This was the last time that I spoke with anyone about Mr. Hart prior to October 30, 2023.

**Interrogatory No. 4:**

Please describe all criteria used by the School Committee to select William Hart to be Interim Superintendent and Superintendent of Everett Public Schools.

**Answer No. 4:**

Defendant objects to Interrogatory No. 4 on the grounds that the term "criteria" as used is vague and calls for speculation as to meaning. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

I do not know what the term "criteria" as used means. I cannot speak for other members of the School Committee, whose individual reasons for their votes are unknown to me.

On November 2, 2023, the School Committee voted 8-1 to appoint Mr. Hart to the position of Interim Superintendent. I personally supported his appointment because I knew he had a background in higher education and that he was very involved in the community.

Regarding Mr. Hart's appointment to the permanent position of Superintendent, I personally voted for Mr. Hart because within the month that he was appointed Interim Superintendent, the turmoil within the schools had lessened. He had earned the trust and confidence of the teachers and administrators in the district.

**Interrogatory No. 5:**

If you contend that there were legitimate, nondiscriminatory reasons not to renew Dr. Tahiliani's employment contract, please state the basis for that contention.

**Answer No. 5:**

Defendant objects to Interrogatory No. 5 on the grounds that it calls for a legal conclusion. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

I voted in favor of renewing Ms. Tahiliani's contract. I cannot speak for the other members of the Everett School Committee who did not provide their individual reasons for their respective votes during the March 6, 2023 meeting.

**Interrogatory No. 6:**

Please describe every instance in which you were informed or became aware that either of the Plaintiffs had filed or participated in an employment discrimination charge, complaint, investigation, or lawsuit.

**Answer No. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that the phrases "informed or became aware" and "participated in" as used are vague and call for speculation as to meaning. Defendant further objects to Interrogatory No. 6 on the grounds that it calls for information protected by the attorney-client privilege. Defendant also objects to Interrogatory No. 6 to the extent that it asks for information that is impossible to recall due to the limits of human memory. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I cannot recall each and every instance that I was informed either Plaintiff filed or participated in an employment discrimination charge, investigation or lawsuit. I believe Ms. Tahiliani and/or Ms. Tsai told me that they planned to file complaints with the Department of Justice prior to their filings.

**Interrogatory No. 7:**

Please describe every instance in which the School Committee was informed or became aware that either of the Plaintiffs complained of or were subject to offensive conduct by any current or former employees, agents or representatives of the City or Everett Public Schools.

**Answer No. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that the phrase "informed or became aware" and term "subject to offensive conduct" as used are vague and call for speculation as to meaning. Defendant further objects to Interrogatory No. 7 because it is vague and overbroad. Defendant also objects to Interrogatory No. 7 to the extent that it asks for information that is impossible to recall due to the limits of human memory and information that is protected from disclosure by the attorney-client privilege. Defendant also contests that either plaintiff was subject to offensive conduct as plaintiffs contend in Interrogatory No. 7. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not believe that either Plaintiff was "subject[ed] to offensive conduct by any current or former employee, agents or representative of the City or Everett Public Schools." I cannot recall each and every instance that I was informed either Plaintiff complained of offensive conduct.

**Interrogatory No. 8:**

If you contend that there were legitimate, nondiscriminatory reasons either of the Plaintiffs were subject to disparate treatment relative to white and male peers, please state the basis for that contention.

**Answer No. 8:**

Defendant objects to Interrogatory No. 8 on the grounds that the interrogatory in its entirety is vague and calls for speculation as to meaning. Namely the phrase, "disparate treatment relative to white and male peers" is vague, confusing, nonspecific and calls for speculation as to meaning that no response is warranted. Defendant also contests that either plaintiff was subject to "disparate

4

treatment relative to white and male peers" as plaintiffs contend in Interrogatory No. 8. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not believe that either Plaintiff was subjected to disparate treatment relative to white and male peers.

**Interrogatory No. 9:**

If you contend that Dr. Tahiliani was not under contract to be Superintendent at the same time as Mr. Hart at a lower rate and on less favorable terms than Mr. Hart, or that there was a permissible reason for such variation, please state the basis for that contention.

**Answer No. 9:**

Defendant objects to Interrogatory No. 9 on the grounds that the term "less favorable terms" is subjective, vague and calls for speculation as to meaning. Defendant further objects to Interrogatory No. 9 on the grounds that it calls for a legal conclusion. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

My understanding is that Mr. Hart, through counsel, negotiated the terms of his interim and permanent contracts, and that the School Committee approved the contracts. Ms. Tahiliani's contract at the time Mr. Hart was Interim Superintendent was approved during a prior year.

**Interrogatory No. 10:**

If you contend that Dr. Tahiliani received constitutionally adequate due process protections, concerning the public announcement of several workplace accusations against her at the October 30, 2023, School Committee meeting, please state the basis for that contention.

**Answer No. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that the term "constitutionally adequate" is vague and calls for speculation as to meaning. Defendant further objects to Interrogatory No. 10 on the grounds that it calls for a legal conclusion. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not know the meaning of "constitutionally adequate due process" as stated in Interrogatory No. 10. I was not involved in discussions with Ms. Tahiliani concerning the 10 complaints made to the City of Everett's Human Resources Department prior to the October 30, 2023 School Committee meeting.

**Interrogatory No. 11:**

If you contend that Dr. Tahiliani has received a name clearing opportunity, concerning the public announcement of several workplace accusations against her at the October 30, 2023, School Committee meeting, please state the basis for that contention.

**Answer No. 11:**

Defendant objects to Interrogatory No. 11 on the grounds that the term "name clearing opportunity" is vague and calls for speculation as to meaning. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not know the meaning of "name clearing opportunity" as stated in Interrogatory No. 11.

**Interrogatory No. 12:**

Please describe all changes to Ms. Tsai's employment conditions implemented at any time after Mr. Hart was appointed Interim Superintendent.

**Answer No. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that the term "employment conditions" is vague and calls for speculation as to meaning. Notwithstanding and without waiving the foregoing objection, Defendant answers as follows:

I am not aware of any changes to Ms. Tsai's employment conditions. I am only aware that Ms. Tsai took a medical leave of absence shortly after Mr. Hart was appointed Interim Superintendent and that when she returned from leave, she requested to not sit near another employee, Brian Wallace, so her office was moved to another location.

**Interrogatory No. 13:**

Please identify every professional, personal, or other phone number, email address, and social media account username/profile that you have used at any time from December 1, 2019 to and including the date on which you were served with the complaint in this litigation.

**Answer No. 13:**

Defendant objects to Interrogatory No. 13 on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Emails -

Jeanne.cristiano@ci.everett.ma.us

[redacted]

jcristiano@everett.k12.ma.us

Facebook – Jeanne Cristiano

Phone number – [redacted]

**Interrogatory No. 14:**

Please identify each and every person with whom you spoke about either Priya Tahiliani or Kim Tsai from December 1, 2019 to and including the date on which you were served with the complaint in this litigation.

**Answer No. 14:**

Defendant objects to Interrogatory No. 14 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to Interrogatory No. 14 to the extent that it asks for information that is impossible to recall due to the limits of human memory. Defendant further objects to the Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege.

**Interrogatory No. 15:**

Please describe each and every action you took, person with whom you spoke, and location (whether electronic or physical) that you searched, to respond to or assist in any response to any request for production of documents in this litigation.

**Answer No. 15:**

Defendant objects to Interrogatory No. 15 on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

My everettk12.ma.us email was searched for documents responsive to Plaintiffs' requests for the production of documents directed to the Everett School Committee. I also searched my personal texts and email address for documents responsive to Plaintiffs' requests for the production of documents directed to the Everett School Committee.

**Interrogatory No. 16:**

Please state the basis for your belief, including identifying any relevant documents or describing any conversation with any other person, that you were elected to the City of Everett School Committee to get rid of Priya Tahiliani.

**Answer No. 16:**

Defendant objects to Interrogatory No. 16 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the Interrogatory to the extent it assumes the Defendant has a "belief" that has not been articulated in this litigation. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not agree I was 'elected to the City of Everett School Committee to get rid of Priya Tahiliani.'

**Interrogatory No. 17:**

Please state the basis for your belief, including identifying any relevant documents or describing any conversation with any other person, that an operational audit was put on the School Committee Agenda in or around May 2022 in an effort to catch Priya Tahiliani doing something wrong.

**Answer No. 17:**

Defendant objects to Interrogatory No. 17 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the Interrogatory to the extent it assumes the Defendant has a "belief" that has not been articulated in this litigation. Notwithstanding and without waiving the foregoing objections, Defendant answers as follows:

I do not agree 'that an operational audit was put on the School Committee Agenda in or around May 2022 in an effort to catch Priya Tahiliani doing something wrong.'

**Interrogatory No. 18:**

Please describe every conversation you had with Priya Tahiliani including identifying all those present or speaking during the conversation, the date of the conversation, the location of the conversation, and a description of the content of the conversation.

**Answer No. 18:**

Defendant objects to Interrogatory No. 18 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to Interrogatory No. 18 to the extent that it asks for information that is impossible to recall due to the limits of human memory. Defendant further objects to the Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege. Without waiving the aforementioned objections, Defendant answers as follows:

In my role as School Committee member, which overlapped with years Ms. Tahiliani served as Superintendent, we spoke often about School Department matters.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 10th DAY OF JANUARY, 2025

*Jeanne Cristiano*
—————————————————
Jeanne Cristiano

**AS TO ALL OBJECTIONS,**

*Janet R. Barringer*
—————————————————
Janet R. Barringer, BBO # 642442
jbarringer@fmglaw.com
Alexandra F. Held, BBO # 711052
Alexandra.held@fmglaw.com
Freeman, Mathis & Gary LLP
60 State, Sixth Floor
Boston, Massachusetts 02109
(617) 963-5975

Dated: January 10, 2025

9

## CERTIFICATE OF SERVICE

      I, Janet R. Barringer, hereby certify that I have, on this 10th day of January 2025 served a copy of the foregoing document, by causing a copy to be sent by electronic mail to:

**Counsel for Plaintiffs**
Christopher Brown, Esq.
cbrown@harringtonheep.com
Ivria Fried, Esq.
ifried@harringtonheep.com
Andrew Bettinelli, Esq.
abettinelli@harringtonheep.com
Harrington Heep, LLP
40 Grove Street, Suite 190
Wellesley, MA 02481
(617) 489-1600

**Counsel for City of Everett, Carlo Demaria**
Christopher Cridler, Esq.
christopherc@gcattorneys.com
Jay Lee, Esq.
jayl@gcattorneys.com
Gallagher & Cavanaugh, LLP
The Gaslight Building
22 Shattuck Street
Lowell, MA 01852
(978) 452-0522

*/s/ Janet R. Barringer*

10