UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRIYA TAHILIANI and KIM TSAI,

           Plaintiffs,

v.

CITY OF EVERETT, MAYOR CARLO
DEMARIA, CITY OF EVERETT SCHOOL
COMMITTEE, WILLIAM HART, JEANNE
CRISTIANO, and MICHAEL MANGAN,

           Defendants.

Civil Action No.: 1:24-CV-10544-WGY

**<u>PARTIES' JOINT PRE-TRIAL MEMORANDUM</u>**

Pursuant to Local Rule 16.5(d) of the Local Rules of the United States District Court for the District of Massachusetts, and in accordance with the Court's Order dated June 6, 2025 (ECF No. 68), Plaintiffs, Priya Tahiliani and Kim Tsai (collectively, "Plaintiffs") and Defendants City of Everett, Mayor Carlo DeMaria, City of Everett School Committee, William Hart, Jeanne Cristiano, and Michael Mangan (collectively, "Defendants,") and collectively with Plaintiffs, the "Parties") submit this Joint Pretrial Memorandum in advance of the Final Pretrial Conference.

    I.   <u>Concise Summary of the Evidence</u>

        A.  Plaintiffs' Summary:

The Plaintiffs are not currently able to completely summarize the anticipated evidence they will offer because, as indicated to the Court in the parties' joint motion to extend the case management order (ECF Docket No. 55) the Plaintiffs have sought documents and deposition testimony from the Defendants but have not yet fully had the opportunity to complete discovery

given the delays in document production by the Defendants. Because the Plaintiffs have not yet had the opportunity to complete discovery, they reserve the right to supplement their summary of the evidence following their completion and review of this discovery. While the Plaintiffs continue to request a reasonable period of time to complete discovery, nevertheless they have diligently worked to prepare the evidence they would seek to introduce at trial.

1.    Counts I (Race/National Origin Discrimination), II (Gender Discrimination), III (Retaliation) and VI (Hostile Work Environment)

The Plaintiffs expect the evidence to show that they are members of multiple protected classes – Dr. Tahiliani as an Indian woman, and Ms. Tsai as an Asian woman. The Plaintiffs expect the evidence to show that over the course of their employment by the Defendants, they suffered multiple adverse employment actions and retaliatory actions, including but not limited to the following:

  a. Having to manage school budgets that were funded at the lowest legally permissible level by the City, substantially lower levels than the school budgets managed by Dr. Tahiliani's White male predecessor;

  b. Routinely having Mayor DeMaria and other School Committee members defer to and call upon Dr. Tahiliani's and Ms. Tsai's White male subordinates or colleagues in public meetings and in day-to-day communications with the School administration regarding issues of concern, as a result undermining, circumventing, and/or cutting the Plaintiffs out of their decision-making authority as Superintendent and Deputy Superintendent;

  c. Mayor DeMaria interrupting and cutting off Dr. Tahiliani on multiple occasions during public meetings and appearances, thereby undercutting her authority;

d.  Interfering with the Plaintiffs' ability to do their jobs on several occasions by
intentionally depriving the School Committee of a quorum so that needed
guidance or authority regarding collective bargaining and Title IX issues could
not be obtained by the School Administration;

e.  Interfering with the Plaintiffs' ability to do their jobs by direct dealing with
School union leaders and employees, undermining the authority of the
Superintendent and Deputy Superintendent;

f.  Providing an unfair and biased performance evaluation to the Superintendent after
she complained about the mistreatment of her and Ms. Tsai;

g.  Voting not to renew Dr. Tahiliani's employment contract due to her race, gender,
and national origin, after she complaint about the mistreatment of her and Ms.
Tsai, and after she notified the School Committee's counsel that she was
cooperating in a civil rights investigation of the City of Everett by the United
States Department of Justice;

h.  Conspiring over the course of several months to assemble several complaints
from current and former School employees against Dr. Tahiliani and Ms. Tsai to
try to justify their placement on administrative leave while working behind the
scenes to retain William Hart to serve as interim superintendent at a higher rate of
pay than Dr. Tahiliani, although Mr. Hart lacked any professional K-12
experience and did not have the required licensing to serve as a public school
district superintendent.

i.  Publicly placing Dr. Tahiliani on administrative leave in a meeting on October 30,
2023 based on allegations that had not yet been investigated, and which ultimately

3

were found to be unsubstantiated, rather than taking such steps in executive

session as the School Committee had done many times before with regard to other

personnel matters, including matters related to White male employees, before the

School Committee;

j.  Remarking about the "victims" of Dr. Tahiliani at a public meeting in January

2024, although the investigation of the allegations was not yet complete and the

allegations ultimately were found to be unsubstantiated;

k.  Stripping Ms. Tsai of various job responsibilities after she returned to work from

a medical leave of absence, giving those responsibilities to White male

colleagues;

l.  Allowing a White male School administration employee about whom Ms. Tsai

had previously complained because of his threatening behavior towards her to

return to the workplace and giving him an office in close proximity to Ms. Tsai,

causing her additional emotional distress.

The Plaintiffs expect the evidence to show that these actions were taken against them

because of their gender, because of their races and/or national origins, in retaliation for

complaining about their treatment directly to the Defendants and in their remarks at various

public meetings, in retaliation for the Plaintiffs' filing of complaints of discrimination with the

Massachusetts Commission Against Discrimination and the Equal Employment Opportunity

Commission, and in retaliation for the Plaintiffs' cooperation with a civil rights investigation of

the City of Everett by the United States Department of Justice.  The Plaintiffs further expect the

evidence to show that all the above-referenced actions contributed to the creation of a hostile

work environment for the Plaintiffs while working for Everett Public Schools that caused each of them substantial emotional distress for which they sought medical treatment.

2.      Count VII – Due Process

The Plaintiffs expect the evidence to show that the public spectacle of Dr. Tahiliani's placement on administrative leave by the School Committee on October 30, 2023 damaged her professional reputation, causing her to miss out on opportunities for open superintendent positions in several districts in the winter-spring of 2023-2024 when this information was brought to the attention of these other communities during their superintendent searches. The Plaintiffs expect the evidence to show that Dr. Tahiliani was never afforded a name-clearing hearing. The Plaintiffs further expect the evidence to show that even after the investigation was concluded and none of the allegations against Dr. Tahiliani were substantiated, the Defendants never publicly commented on or announced the result, continuing to cause a negative cloud of suspicion on Dr. Tahiliani's candidacy for other education field positions for which she applied. The Plaintiffs expect the evidence to show that, even after obtaining a position as interim superintendent for Brockton Public Schools in July 2024, and having the interim tag removed from her title several months later, she continued to face questions from some of the Brockton School Committee members regarding the investigation and allegations against her. Dr. Tahiliani believes that regardless of the investigation's findings, the Defendants' silence surrounding the result coupled with the public spectacle in putting her out on leave will forever create negative inferences against her in her current position and any future positions for which she applies.

3.      Count VIII – Equal Pay Act

The Plaintiffs expect the evidence to show that the School Committee appointed Mr. Hart as interim superintendent while Dr. Tahiliani was on administrative leave, and then as permanent

superintendent during the same timeframe but before the end of her contract, and agreed to compensate him in both positions at a higher salary and with more beneficial contract provisions than the School Committee had agreed to in Dr. Tahiliani's contract.

      B.  <u>Defendants City of Everett and Carlo DeMaria's Summary</u>:

The parties recently completed written discovery and have not yet taken any depositions. Given that discovery is ongoing, the City of Everett and Mayor DeMaria ("defendants") reserve the right to supplement this summary of the evidence.

Defendants expect the evidence to show that the Everett School Committee ("School Committee") is the appointing authority for the Superintendent of Everett Public Schools. Therefore, the School Committee was, at all times materials to this action, the employer of both plaintiffs, and the City of Everett was not the plaintiffs' employer. In addition, the defendants expect that the evidence will demonstrate that the defendants had no role in any of the activities plaintiffs complain of in their action. Consequently, the evidence will show that plaintiffs have failed to state a claim against the City of Everett and Mayor DeMaria for which relief may be granted.

      C.  <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano and William Hart's Summary</u>:

As discovery is ongoing, Defendants reserve the right to supplement their summary of the evidence.

      **a.  The City of Everett School Committee, Jeanne Cristiano, Michael Mangan and William Hart.**

Defendants expect the evidence to show that the City of Everett School Committee ("School Committee") is the appointing authority for the Superintendent of Everett Public Schools ("EPS"). The School Committee currently consists of ten members, all of whom except the Mayor

are elected and serve 2-year terms. Defendant Jeanne Cristiano ("Ms. Cristiano") has served on the School Committee since January 2022. Defendant Michael Mangan ("Mr. Mangan") formerly served on the School Committee from January 2022 – January 2024. Both Ms. Cristiano and Mr. Mangan served as Chairperson of the School Committee during 2022 and 2023, respectively. Defendant William Hart ("Mr. Hart") is the Superintendent of EPS.

**b.  School Committee Votes to Appoint Priya Tahiliani Superintendent of Everett Public Schools.**

Defendants expect the evidence to show that on December 19, 2019, the School Committee unanimously voted to appoint Plaintiff Priya Tahiliani ("Ms. Tahiliani") Superintendent of EPS. At the time, the School Committee consisted of Allen Paranese, Joeseph LaMonica, Frank Parker, David Ela, Marcony Almeida-Barros, Thomas Abruzzese, Bernie D'Onofrio, Millie Cardello and Lester MacLaughlin. Defendants expect the evidence to show that Ms. Tahiliani was offered and accepted a four-year contract for the period of March 1, 2020 – February 28, 2024. In January 2020, a new School Committee was inaugurated for their two-year term. The January 2020 School Committee consisted of Marcony Barros, Millie Cardello, Joseph Lamonica, Samantha Lambert, Dana Murray, Allen Panarese, Cynthia Sarnie, Frank Parker, and Thomas Abruzzese.

Defendants expect the evidence to show that Ms. Tahiliani commenced her role as Superintendent of EPS on or about March 1, 2020. Defendants expect the evidence to show that prior to Ms. Tahiliani's commencement in her role, she asked School Committee Chair, Thomas Abruzzese, for permission to hire a Deputy Superintendent, and then hired Plaintiff Kim Tsai ("Ms. Tsai"), with whom Ms. Tahiliani had previously worked, as her Deputy Superintendent.

**c.  Mayor Carlo DeMaria becomes Voting Member of School Committee.**

The Defendants expect the evidence to show that soon after Ms. Tahiliani began her role as Superintendent, she began to clash with Mayor DeMaria and members of the Everett City

7

Council concerning matters such as the school district's operating budget, personnel issues, after school programming and school buildings. Defendants expect the evidence to show that these disagreements concerning the school district and City agendas led Ms. Tahiliani to strongly dislike Mayor DeMaria. Defendants expect the evidence to show that Ms. Tahiliani believed Mayor DeMaria did not like that she pushed back on him against initiatives that he wanted for EPS. Ms. Tahiliani's dislike for Mayor DeMaria that began within months of her employment will be evidenced by her numerous communications about him in which she calls him names, such as "man child", and makes statements such as, "I HATE the mayor" and "I despise the Mayor!!!!"

The Defendants expect the evidence to show that in or around October 2020, the Everett City Council voted favorably on a Home Rule Petition to change Everett's City Charter to allow for the mayor to become a voting member of the School Committee. The Defendants expect the evidence to show that Ms. Tahiliani, Ms. Tsai and the School Committee Chair were not in support of the Home Rule Petition, that they were aligned in their public opposition to it, and that they directed counsel for the School Committee to oppose the change to the City Charter.

Defendants expect the evidence to show that when the Home Rule Petition was introduced, Ms. Tahiliani immediately began strategizing an exit plan from her role as Superintendent in the event that Mayor DeMaria became a voting member of the School Committee. Defendants expect the evidence to show that Ms. Tahiliani believed she would effectively become Mayor DeMaria's "puppet" if he became a voting member of the School Committee. Defendants expect the evidence to show that in October 2020, Ms. Tahiliani raised the issue of amending her contract so that she could leave her position with no penalty to members of the School Committee.

Defendants expect the evidence to show that on January 13, 2021, Governor Charlie Baker signed the Home Rule Petition, making Mayor DeMaria a voting member of the School

Committee. The Defendants expect the evidence to show that 2021 was an election year for School Committee members. The Defendants expect the evidence to show that Ms. Tahiliani believed Mayor DeMaria wanted to "pack" the School Committee with his supporters in order to "get rid of her." The Defendants expect the evidence to show that before any individuals had announced their candidacy for School Committee, Ms. Tahiliani told then-School Committee member Dana Murray, "it doesn't matter how nice your opponent is… if it's not you in that seat, I will be shaming them and making them miserable." The Defendants expect the evidence to show that in November 2021, the following individuals were elected to the School Committee for the January 2022-January 2024 term: Marcony Barros, Millie Cardello, Samantha Lambert, Joesph Lamonica, Michael Mangan, Jason Marcus, Michael McLaughlin, Cynthia Sarnie and Jeanne Cristiano.

The Defendants expect the evidence to show that Ms. Tahiliani believed that the new makeup of the School Committee was starkly divided between members who were "team Priya" (Ms. Lambert and Mr. Barros) and members who were "team Carlo" (Mr. Lamonica, Mr. Mangan, Mr. Marcus, Mr. McLaughlin, Ms. Sarnie and Ms. Cristiano). The Defendants expect the evidence to show that Ms. Tahiliani the newly elected members of the School Committee before they had even taken their oath of office. For example, on the night that new members were elected, Ms. Tahiliani told Ms. Murray, "I am going to make them look like fucking morons every other week. They think they are going to drive me out but it will be the other way around." The Defendants expect the evidence to show that before the new School Committee members had taken their oath of office, Ms. Tahiliani had declared that she would "sue" if the School Committee fired her.

### d. Plaintiffs Initiate Legal Action Against the School Committee, Mayor DeMaria and the City of Everett.

The Defendants expect the evidence to show that on January 3, 2022, the new School Committee was inaugurated. The Defendants expect the evidence to show that on January 4, 2022,

Ms. Tahiliani was already strategizing about who she would get to run for School Committee during the next election to push the newly elected members out of the Committee. The Defendants expect the evidence to show that two (2) weeks later, Ms. Tahiliani filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) against the School Committee, Mayor DeMaria, and School Committee member Michael McLaughlin, who had been on the School Committee for all of two (2) weeks at that time and had not attended his first meeting.

The Defendants expect the evidence to show that Ms. Tahiliani's predetermined opinion about members of the School Committee whom she believed were working with Mayor DeMaria to oust her was only changed in regard to Ms. Cristiano. The Defendants expect the evidence to show that Ms. Cristiano formed a positive working and personal relationship with both Ms. Tahiliani and Ms. Tsai during 2022.

The Defendants expect the evidence to show that Ms. Tahiliani and Ms. Tsai continued to drive a wedge between themselves and their perceived opponents on the School Committee throughout 2022. The Defendants expect to present evidence of communications between Plaintiffs in which Plaintiffs clearly demonstrate their dislike for School Committee members and district employees whom they viewed as their adversaries. For example, Ms. Tahiliani texted Ms. Tsai in June 2022, "Hopefully my response to Millie was as dismissive as disrespectful as I was hoping."

The Defendants expect the evidence to show that on November 18, 2022, Ms. Tsai filed a complaint with the MCAD against the City of Everett, Mayor DeMaria and the City of Everett School Committee. The Defendants expect the evidence to show that Ms. Cristiano assured Ms. Tsai that she was not upset that Ms. Tsai filed a complaint and that she was "proud" of her for doing so.

10

   **e.  School Committee Votes 6-4 Not to Renew Priya Tahiliani's Contract.**

The Defendants expect the evidence to show that on March 6, 2023, the Everett School Committee voted 6-4 not to extend Ms. Tahiliani's contract. The Defendants expect the evidence to show that several School Committee members spoke during the public meeting concerning their individual reasons for their respective votes. The Defendants expect the evidence will show that none of the School Committee members knew that Ms. Tahiliani and Ms. Tsai intended to meet or had met with investigators from the Department of Justice or Equal Employment Opportunity Commission at the time of the vote not to extend Ms. Tahiliani's contract.

   **f.  School Committee Votes to Place Priya Tahiliani on Paid Administrative Leave Pending Investigation of Ten Complaints by EPS Employees.**

The Defendants expect the evidence to show that on or around October 19, 2023, administrative counsel for the School Committee informed Ms. Tahiliani's counsel that the School Committee had received a number of workplace complaints which needed to be investigated, and would be the subject of the School Committee's discussion and vote.

The Defendants expect the evidence to show that on October 26, 2023, Michael Mangan, then-Chair of the Everett School Committee, emailed Ms. Tahiliani and Ms. Tsai to inform them that a special meeting of the School Committee was to take place on October 30, at 6:30 pm at the Everett High School library. Mr. Mangan told them that the meeting concerned a report of ten (10) complaints against Ms. Tahiliani by school employees and that the report had been given to him by the human resources director for the City of Everett.

The Defendants expect the evidence to show that a special meeting of the Everett School Committee was held on October 30, 2023 to discuss and potentially vote on engaging an outside investigator to investigate workplace complaints against Ms. Tahiliani. Ms. Tahiliani attended the meeting and was afforded the opportunity to speak in her own defense. During the meeting, School

Committee members questioned the School Committee's administrative counsel, listened to statements from Ms. Tahiliani and Ms. Tsai (both read by Ms. Tahiliani), and reviewed letters from the Everett Teachers Association and a select number of educators. The School Committee then voted 7-3 to place Ms. Tahiliani on paid administrative leave pending the outcome of the investigation. The Defendants expect the evidence to show that Ms. Cristiano, Ms. Lambert, and Mr. Barros voted not to place the Superintendent on paid administrative leave. Ms. Cardello, Mayor DeMaria, Mr. Lamonica, Mr. Marcus, Mr. McLaughlin, Ms. Sarnie and Mr. Mangan voted in favor of placing Ms. Tahiliani on paid leave.

The Defendants expect the evidence to show that the ten (10) complaints were investigated by an outside investigator who had no prior relationship with the School Committee or City of Everett. The Defendants expect the evidence to show that the outside investigations of each complaint were completed in or around March 2024, after the expiration of Ms. Tahiliani's contract. The Defendants expect the evidence to show that Ms. Tahiliani and her counsel reviewed the investigative reports on or around May 10, 2024 and that following her review of the reports, Ms. Tahiliani made statements to the press concerning the results of the investigation. The Defendants expect the evidence to show that the School Committee has not commented on the results of the investigation because the investigation was completed when Ms. Tahiliani was no longer employed by the district and because several complainants named in the reports have pending claims at the MCAD against the School Committee and Ms. Tahiliani, and those complaints are confidential per the rules of MCAD.

g. **School Committee Appoints William Hart to the Position of Interim Superintendent of Everett Public Schools.**

Defendants expect the evidence to show that on November 2, 2023 a special meeting of the Everett School Committee was held to discuss and potentially vote on the Acting

Superintendent of Schools. During this meeting, Mr. Hart was nominated and appointed Interim Superintendent of Everett Public Schools 8-1, with the majority of members speaking in favor of Mr. Hart's nomination based on his availability, past supervisory educational experience and familiarity with the City of Everett.

> **h.  2023 Superintendent Search Process.**

The Defendants expect the evidence to show given that on June 5, 2023, a motion was carried to request that the School Committee's counsel prepare and issue a Request for Proposals (RFP) to procure the services of a superintendent search consulting firm. An RFP was posted on or about July 21, 2023 and requested that search firms submit their proposals by August 7, 2023. The School Committee ultimately engaged Alma Advisory Group ("Alma") to conduct the superintendent search process. Alma began the Superintendent search process in September 2023. Alma created a job profile based on input from community members through surveys, interviews and focus groups. A job profile for the position of Superintendent was posted for applicants in November 2023. Alma reviewed and screened applicants, ultimately recommending seven (7) candidates for interviews with the Search Committee. The Search Committee then recommended two (2) candidates, Mr. Hart and Kimberly Frisker, for final interviews with the School Committee. Alma provided an interview guide for the School Committee to use during the final interview and also provided the candidates' resumes, cover letters, and interview notes. The final interviews were held during a special School Committee meeting on December 20, 2023. The School Committee then voted unanimously to appoint Mr. Hart to the position of Superintendent and to begin contract negotiations by offering Mr. Hart a salary of $229,000. Thereafter, Mr. Hart, through counsel, negotiated the terms of his permanent contract to take effect at the end of February 2024. On December 27, 2024, the School Committee discussed and approved Mr. Hart's permanent contract, which provided his salary at $240,000.

### a. Kim Tsai's Medical Leave and Employment Resignation.

The Defendants expect the evidence to show that on December 6, 2023, within weeks of Mr. Hart's appointment as Interim Superintendent, Ms. Tsai exercised her rights under paid medical leave. The Defendants expect the evidence to show that before and after Ms. Tsai returned to work from leave on March 22, 2024, she told Mr. Hart that she (1) did not want to attend School Committee meetings because she did not want to be in the same room as Mayor DeMaria, (2) she did not want to sit in an office across the hall from another EPS employee, Brian Wallace,  (3) that she wanted to work 8:30 – 4:30 (later start and later end times than the normal workday for School Department personnel) to accommodate her children's school drop off schedule, and (4) she wanted to provide a list of vacation day requests months in advance. The Defendants expect the evidence to show that Mr. Hart had no issue with her requests cited above and agreed to them. Mr. Hart told Ms. Tsai because she did not want to come back to her regular office across the hall from Mr. Wallace's cubicle, she could find an office on a different floor of the School Department administrative building or choose a split office. Ms. Tsai selected a split office.

The Defendants expect the evidence to show that while Ms. Tsai was out on medical leave, two of her reports, the Director of Maintenance and the Director of Security, reported to Mr. Hart. When Ms. Tsai returned from leave, Mr. Hart told her that these individuals would continue reporting to him until she was back in the swing of things. Ms. Tsai was also responsible for answering Freedom of Information Act (FOIA) requests prior to her medical leave. While Ms. Tsai was out on leave, EPS's Communications Director assumed this responsibility. The responsibility remained with the Communications Director when Ms. Tsai returned from leave because Mr. Hart learned that Ms. Tsai prior to her leave had not been answering FOIAs in a timely manner. When Mr. Hart brought this to Ms. Tsai's attention, she told him that nobody took FOIAs seriously, that Ms. Tahiliani did not do them, and that she would not be doing them. Based on this

discussion, Mr. Hart determined that the responsibility of responding to FOIAs should remain with the Communications Director.

The Defendants expect the evidence to show that Ms. Tsai voluntarily resigned her employment from EPS on October 25, 2024 to accept her current position at Brockton Public Schools.

### b.  Evidence as to Plaintiffs' Alleged Pay Damages.

The Defendants expect the evidence to show that Ms. Tahiliani continued to receive her EPS salary through the end of her contract on February 29, 2024. Ms. Tahiliani was hired as Interim Superintendent of Brockton Public Schools in July 2024, meaning she was without pay for three (3) months total. The Defendants expect the evidence to show that Ms. Tahiliani was hired for the interim position at Brockton Public Schools at the same annual salary she earned at the end of her employment with EPS. The Defendants also expect the evidence to show that Kim Tsai voluntarily resigned her employment with EPS in October 2024 to accept a position at Brockton Public Schools, where she earns the same annual salary that she earned at the end of her employment with EPS.

II.    Facts Established by Pleadings, Stipulations or Admissions of Counsel:

1.  Plaintiff Tahiliani was the Superintendent of Everett Public Schools.

2.  Plaintiff Tsai was the Deputy Superintendent of Everett Public Schools.

3.  Defendant Carlo DeMaria is the Mayor of the City of Everett and a member of the Everett School Committee.

4.  On June 5, 2023, the Everett School Committee voted 6-3 to commence the search for a new superintendent.

5. At the October 30, 2023 Everett School Committee meeting, the Committee voted in an open session to engage an outside investigator to investigate 10 workplace accusations against the School Administration.

6. The complaints were reported to the City of Everett's HR Department.

7. A motion was made and approved by a 7-3 vote to place Superintendent Tahiliani on paid administrative leave pending the outcome of the investigation.

8. The Everett School Committee voted 8-1 to appoint William Hart as Interim Superintendent of Schools on November 2, 2023.

9. On December 20, 2023, the Everett School Committee voted unanimously to appoint William Hart as Superintendent of Schools.

10. Plaintiff Tahiliani's contract expired on February 29, 2024.

11. Plaintiff Tahiliani obtained new employment in July 2024.


III.   Contested Issues of Fact

A. Plaintiffs' Position: Aside from the limited facts admitted to by the Defendants that are set forth in section II above, the Plaintiffs understand that all the other facts they allege are contested by the Defendants.

B. Defendants City of Everett and Carlo DeMaria's Position:

Aside from the facts set forth in Section II above, Defendants the City of Everett and Mayor DeMaria contest all other facts alleged by Plaintiffs. In addition, the City of Everett contends that it was never the employer of either defendant. In addition, Mayor DeMaria contends that he was never the employer of either defendant.

C.  <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano and</u>
<u>William Hart's Position</u>: Aside from the facts set forth in Section II above, Defendants
the City of Everett School Committee, Michael Mangan, Jeanne Cristiano and William
Hart contest all other facts alleged by Plaintiffs. Defendants the City of Everett School
Committee, Michael Mangan, Jeanne Cristiano and William Hart also contest the City of
Everett and Mayor DeMaria's assertion that the Everett School Committee employed Ms.
Tahiliani and Ms. Tsai.

IV.  <u>Jurisdictional Questions</u>

A.  <u>Plaintiffs' Position</u>: The Plaintiffs state that this case presents a federal question and
therefore this Court has subject matter jurisdiction. The Plaintiffs further state that
venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

B.  <u>Defendants City of Everett and Carlo DeMaria's Position</u>:

C.  <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano</u>
<u>and William Hart's Position</u>: None at this time.

V.  <u>Questions Raised by Pending Motions</u>

A.  <u>Plaintiffs' Pending Motions</u>: There are no pending motions by the Plaintiffs. The
Plaintiffs reserve the right to right and/or move in limine regarding Defendants'
witnesses and/or to exclude certain exhibits proposed by Defendants.

B.  <u>Defendants City of Everett and Carlo DeMaria's Pending Motions</u>:

C.  <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano</u>
<u>and William Hart's Pending Motions</u>: The School Committee, Mr. Mangan, Ms.
Cristiano and Mr. Hart have a pending Motion for Protective Order before this Court.
Defendants have requested that this Court enter a Protective Order requiring Plaintiffs

to destroy all written communications in their possession between the School Committee and its attorneys which are protected by the attorney-client privilege. These written communications were produced by the City defendants without the knowledge or consent of the School Committee, who never waived its privilege as to these communications. The School Committee promptly requested that its privileged communications be destroyed following its discovery of the disclosure. Plaintiffs refused to destroy the privileged communications despite the School Committee's request thereby requiring the latter to seek a court order to protect its communications. The motion remains pending. The School Committee, Mr. Mangan, Ms. Cristiano and Mr. Hart also reserve the right to file motions *in limine* addressing issues of law and evidentiary issues ahead of trial.

VI.   Issues of Law, Including Evidentiary Questions

A.   Plaintiffs' Position: None of which the Plaintiffs are presently aware. The Plaintiffs reserve the right to object and/or move *in limine* regarding Defendants' witnesses and/or to exclude certain exhibits proposed by Defendants.

B.   Defendants City of Everett and Carlo DeMaria's Position:  None at this time, but the defendants reserve the right to raise issues of law and evidentiary motions *in limine* upon the completion of discovery.  Defendants also anticipate filing a Motion for Summary Judgment at the conclusion of discovery.

C.   Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano and William Hart's Position: Defendants City Everett School Committee, Jeanne Cristiano, Michael Mangan and William Hart object to the entry into evidence at trial of the Compliance Plus report identified in Plaintiffs' proposed exhibit list—and any

other reports by Compliance Plus—given the confidential nature of pending

complaints with the Massachusetts Commission Against Discrimination, the

allegations of which are included in said reports. Given that the parties have not

completed any depositions in this case to date, additional anticipated legal and

evidentiary issues are not yet known. Defendants City Everett School Committee,

Jeanne Cristiano, Michael Mangan and William Hart reserve the right to file motions

*in limine* addressing issues of law and evidentiary issues ahead of trial.

VII.    <u>Requested Amendments to the Pleadings</u>

The Plaintiffs request amendment of the pleadings to voluntarily dismiss Counts IV and

V of their Second Amended Complaint.

VIII.   <u>Additional Matters to Aid in the Disposition of the Action</u>

The Plaintiffs, Defendant City of Everett School Committee, and Defendants Cristiano,

Mangan and Hart request that the Court refer the matter for alternative dispute resolution in

advance of the trial date.

IX.     <u>Probable Length of Trial</u>

   A.  <u>Plaintiffs' Position</u>: Three (3) weeks

   B.  <u>Defendants City of Everett and Carlo DeMaria's Position</u>:

   C.  <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano</u>
       <u>and William Hart's Position</u>: Three (3) weeks, assuming 9am – 1pm trial days.

X.      <u>Witnesses</u>

   A.       <u>Plaintiffs</u>:

The Plaintiffs anticipate calling the following witnesses to testify. None of their

testimony is intended to be presented by deposition:

19

1.      Priya Tahiliani

2.      Kim Tsai

3.      Carlo DeMaria

4.      Jeanne Cristiano

5.      Michael Mangan

6.      Michael McLaughlin

7.      William Hart

8.      Millie Cardello

9.      Jason Marcus

10.     Joseph Lamonica

11.     Cynthia Sarnie

12.     Marcony Barros

13.     Samantha Lambert

14.     Thomas Abrusezze

15.     Robin Babcock

16.     Samantha Hurley

17.     Eric Demas

18.     Terri Ronco

19.     Cathy Draine

20.     Charles Obremski

21.     Kevin Shaw

22.     Brian Wallace

23.     Eugene O'Brien

24.    Robert Galvin

25.    Andrea Tringali

26.    Mark Cheffro

27.    Danielle Bond

28.    Diane Perito

29.    Janelle Ridley

30.    Jason Lamonica

31.    Kenneth Gianelli

32.    Linda Malloney

33.    Maica Gomes

34.    Nancy Cianchetta

35.    Tammy Turner

36.    Theresa Tringale

37.    Stephanie Chrisikos

38.    Keeper of Records of Alma Advisory Group

39.    Keeper of Records of Compliance Plus LLC d/b/a HR Solutions at Work

Discovery in this matter is ongoing and there are multiple depositions that have been noticed but not yet completed. The Plaintiffs therefore reserve the right to amend and/or supplement this list prior to trial.

B.  Defendants City of Everett and Mayor Carlo DeMaria:

Defendants City of Everett and Mayor Carlo DeMaria adopt herein by reference, the witness lists of the plaintiffs and co-defendants.  In addition, the defendants include Stephanie Martins to their witness list.  The defendants reserve the right amend their proposed witness list prior to trial

given that discovery is ongoing.  Defendants reserve the right to call rebuttal witnesses if and as

necessary.

     C.   <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano and William Hart</u>:

       1.    Priya Tahiliani

       2.    Kim Tsai

       3.    Jeanne Cristiano

       4.    Michael Mangan

       5.    William Hart

       6.    Mayor Carlo DeMaria

       7.    Frank Parker

       8.    Millie Cardello

       9.    Cynthia Sarnie

     10.    Jason Marcus

     11.    Joseph Lamonica

     12.    Michael McLaughlin

     13.    Marcony Barros

     14.    Samantha Lambert

     15.    Dana Murray

     16.    Allen Panarese

     17.    Thomas Abruzzese

     18.    Robin Babcock

     19.    Samantha Hurley

     20.    Kimberly Auger

21.    Teri Ronco

22.    Sylvia Flowers

23.    Keeper of Records of Alma Advisory Group

24.    Keeper of Records of Compliance Plus LLC d/b/a HR Solutions at Work

The School Committee, Ms. Cristiano, Mr. Mangan and Mr. Hart reserve the right amend their proposed witness list prior to trial given that discovery is ongoing. Defendants School Committee, Ms. Cristiano, Mr. Mangan and Mr. Hart also reserve the right to call any witness identified by the Plaintiffs or Defendants the City of Everett and Mayor DeMaria, and further reserve the right to call rebuttal witnesses if and as necessary.

XI.    <u>Proposed Exhibits</u>

A.    <u>Plaintiffs</u>: The Plaintiffs current exhibit list is attached hereto as Exhibit 1. Discovery in this matter is ongoing, the Defendants have only recently completed their document productions, and there are multiple depositions that have been noticed but not yet completed. The Plaintiffs object to proceeding to trial prior to being able to have a reasonable period of time to  complete discovery and identify potential evidence. The Plaintiffs therefore reserve the right to amend and/or supplement this list prior to trial.

B.    <u>Defendants City of Everett and Carlo DeMaria</u>:  Defendants reserve their right to object to the trial exhibits proposed by all other parties.  Defendants reserve their right to supplement their trial exhibit list upon the completion of discovery.

C.    <u>Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano and William Hart</u>: The School Committee, Mr. Mangan, Ms. Cristiano and Mr. Hart's proposed exhibit list is attached hereto has Exhibit 2. Discovery in this case

is ongoing given that eight (8) noticed depositions have not yet been taken.

Accordingly, Defendants reserve the right to amend and/or supplement the

attached proposed exhibit list prior to trial.

The Parties have not yet had an opportunity to review and object to each party's exhibits.

The Parties will endeavor to arrive at a stipulated list of exhibits expeditiously.

Each party reserves the right to use documents not set forth in its exhibit list for purposes

of cross-examination and/or impeachment.

XII.    Remaining Objections to Pre-Trial Disclosures

A.  Plaintiffs: Due to the expedited nature of the Court's order to submit a final pre-trial

conference memo, the Parties did not exchange Rule 26(a)(3) pre-trial disclosures and

so have no respective positions on the objections to the evidence identified therein. If

the Court sets a pre-trial schedule that includes pre-trial disclosures under Rule

26(a)(3), the Plaintiffs reserve the right to amend and/or supplement this section prior

to trial to object to any evidence in the Defendants' pre-trial disclosures.

B.  Defendants City of Everett and Carlo DeMaria:  The Parties have not exchanged Fed.

R. Civ. P. 26(a)(3) pre-trial disclosures to date.  Defendants will serve and file a list

of objections, if any, to Plaintiffs' pre-trial disclosures within the time parameters set

forth in Fed. R. Civ. P. 26(a)(3)(B).

C.  Defendants City of Everett School Committee, Michael Mangan, Jeanne Cristiano

and William Hart: The Parties have not exchanged Fed. R. Civ. P. 26(a)(3) pre-trial

disclosures to date. Defendants will serve and file a list of objections, if any, to

Plaintiffs' pre-trial disclosures within the time parameters set forth in Fed. R. Civ. P.

26(a)(3)(B).

JOINTLY SUBMITTED BY:

The Plaintiffs,

Priya Tahiliani and Kim Tsai,
By their attorneys,

_/s/ Christopher L. Brown_
Christopher L. Brown (BBO# 663176)
Ivria Glass Fried (BBO# 688177)
Andrew N. Bettinelli (BBO# 703220)
Harrington Heep LLP
40 Grove Street, Suite 190
Wellesley, MA 02482
(617) 489-1600
cbrown@harringtonheep.com
ifried@harringtonheep.com
abettinelli@harringtonheep.com


Defendants City of Everett School
Committee, Michael Mangan, Jeanne
Cristiano, and William Hart,
By their attorneys,

_/s/ Alexandra F. Held_
Janet R. Barringer, BBO # 642442
jbarringer@fmglaw.com
Alexandra F. Held, BBO # 711052
Alexandra.held@fmglaw.com
Freeman, Mathis & Gary LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, Massachusetts 02108
(617) 963-5975

Dated:  July 1, 2025

Defendants, City of Everett and Mayor Carlo
DeMaria,
By their attorneys,

_/s/ Jay V. Lee_
Jay V. Lee (BBO #646095)
JayL@gcattorneys.com
Christopher D. Cridler (BBO# 698813)
ChristopherC@gcattorneys.com
Samantha Harmon (BBO# 712326)
SamanthaH@gcattorneys.com
GALLAGHER & CAVANAUGH LLP
The Gaslight Building
22 Shattuck Street
Lowell, MA 01852
(978) 452-0522

**Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent by certified mail to any indicated as non-registered participants.


Date: July 1, 2025                                    ___/s/ Andrew N. Bettinelli_____
                                                      Andrew N. Bettinelli (BBO# 703220)
                                                      Harrington Heep LLP
                                                      40 Grove Street, Suite 190
                                                      Wellesley, MA 02482
                                                      (617) 489-1600
                                                      abettinelli@harringtonheep.com